UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61797-Civ-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

CAYMAN VILLAGE CONDO. ASS'N, INC.

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS**

THIS MATTER is before the Court on the Motion to Dismiss [ECF No. 6], filed by Defendant Cayman Village Condominium Association, Inc. ("Cayman Village"). For the reasons set forth below, this motion is denied.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This action was brought by the United States of America (the "United States") on behalf of the Secretary of the Department of Housing and Urban Development to recover funds, allegedly paid in protest, for outstanding condo association fees, after the United States acquired a condominium unit through foreclosure and public sale. Cayman Village moves to dismiss, arguing that the United States made the payment voluntarily, not under protest, and that it does not qualify as an "institutional first mortgagee" under the condo declaration or Florida Statutes, section 718.116(1)(b).

Dismissal is not warranted on the basis of these arguments. The United States has alleged that it made the payment in question under protest. Cayman Village's contentions to the contrary raise disputed issues of material fact that the Court would have to resolve in its favor to award dismissal; the Court cannot get to that result merely by drawing reasonable inferences from the allegations and materials attached to the Complaint. Moreover, as the relevant case authorities make plain, the issue of voluntary payment often entails a fact-based inquiry and is not suited for resolution at the dismissal stage. *See Liberty Surplus Ins. Corp., Inc. v. First Indem. Ins. Servs., Inc.*, 31 So. 3d 852, 858 (Fla. 4th DCA 2010) (voluntary payment issue was "not properly addressed on a motion to dismiss" because its application "depend[s] upon the facts and circumstances of the case"); *Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. 2d DCA 2001) (reversing dismissal based on voluntary payment doctrine); *Pac. Mut. Life Ins. Co. of Cal. v. McCaskill*, 170 So. 579, 583 (Fla. 1936) (recognizing, in this seminal case on the voluntary payment doctrine, that the question often depends on facts for the jury to decide).

Indeed, in *Key West v. Florida Keys Community College*, 81 So. 3d 494, 500-01 (Fla. 3d DCA 2012), cited by Cayman Village, the voluntary payment issue was decided at the summary judgment stage on a more developed record. In other cases the Court has reviewed, the issue was resolved at trial, if not on summary judgment. *See, e.g.*, *Tirri v. Estate of Batchelor*, 898 So. 2d 1125, 1126 (Fla. 3d DCA 2005) (summary judgment); *Soneet R. Kapila, P.A. v. Giuseppe Am., Inc.*, 817 So. 2d 866, 868 (Fla. 4th DCA 2002) (jury trial); *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653 (Fla. 5th DCA 1996) (summary judgment). Here too, the question of whether the plaintiff in fact made its payment voluntarily, rather than under protest, cannot be decided until later in the case. This is especially true given the United States's arguments concerning the significance of the course of discussions and correspondence leading up to, and following, its tender of payment.

The United States, in opposing dismissal, also argues that the voluntary payment defense is unavailable to Cayman Village pursuant to Florida Statutes, section 725.04, which bars the defense where "by the terms of the contract there was no enforceable obligation to make the payment or the making of the payment was excused[.]" Fla. Stat. § 725.04. Cayman Village counters that the statutory provision does not apply because the United States has not alleged it is an "institutional first mortgagee of record" and, failing such, the condo declaration does not excuse payment. The extent to which this statute applies, and the extent to which the United

States does or does not qualify as a so-called "institutional mortgagee," whatever that term should mean," are issues that cannot be determined merely from the allegations at the dismissal stage.

It is not entirely clear whether or not the United States fits that label, or needs to, in order to fall within the statute or the declaration.  The term "Institutional Mortgagee" is capitalized in the condo declaration, which would signal that the term is a defined one, but the definitions section of the declaration is not included in its entirety in the attachment to the Complaint – which leaves the Court somewhat in the dark.  Moreover, the section of the condo declaration at issue, article 14.10, is not limited in application to just "institutional mortgagee[s]," as Cayman Village contends; by its plain language, the provision applies to "Institutional Mortgagee[s] of a first mortgage of record, or other purchaser[s] of a Unit," equally.  *See* Condo Decl., Art. 14.10.  Similarly, Florida Statutes, section 718.116(1)(b) applies not only to "first mortgagee[s]," but also to any "successor[s] or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure[.]"  Fla. Stat. § 718.116(1)(b).  These types of questions will have to be resolved another day, on a more robust record accompanied by more developed argument.[1]

In short, for the reasons explained above, the Complaint will not be dismissed. Accordingly, it is hereby **ORDERED and ADJUDGED** that Cayman Village's Motion to Dismiss [ECF No. 6] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 16, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Cayman Village argues the Complaint should be dismissed because the United States failed to specifically plead that it is an "institutional first mortgagee," the Court disagrees. Although the Complaint may not be a model pleading, the United States has generally alleged that "[b]ased on the foregoing [allegations], Plaintiff fell within the ambit of the Declaration provision listed above and was therefore only obligated to pay currently accruing assessments." *See* Compl. ¶ 16. To "f[a]ll within the ambit of the Declaration provision" in article 14.10, *see* Compl. ¶ 16, the United States would necessarily have to be "an Institutional Mortgagee of a first mortgage of record, or other purchaser of a Unit," as the provision requires.  *See* Condo Decl. Art. 14.10.  Thus, to the extent that the United States is, or needs to be, an "institutional first mortgagee," the Court would find that the allegations are sufficient.